UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALDIN W. WINSLOWET-ALPS,        )
                                )
            Petitioner,         )
                                )
            v.                  )      C.A. No. 05-30063-MAP
                                )
SEARS, M.D., et al.,            )
                                )
            Respondents.        )

MEMORANDUM AND ORDER

For the reasons stated below, the Court dismisses this
action without prejudice and denies as moot the petitioner's
application to proceed in forma pauperis.

BACKGROUND

On March 7, 2005, petitioner Aldin Winslowet-Alps filed a
document captioned as a petition for a writ of habeas corpus
under 28 U.S.C. § 2254. At the time, Winslowet-Alps was confined
at the Park View Specialty Hospital in Springfield,
Massachusetts. Winslowet-Alps's petition consists of the
following text:

> pushing a religion, non psychiatric treatment while
> even psychiatry is unwarranted there may be another
> hearing in Mass Ct but even from Supreme Judicial Ct I
> have not even received acknowledgement of appeal.
>
> Moving for Writ of Habeas Corpus, Urgent & Show Cause
> why not release & validation of claim for damages >>
> 75,000. I was medical student. They have had 40 years
> to police their own kitchen and/or debrief. They
> haven't done it. Imminancy-legal force,
> defensive/"violence" to them.

Pet. at 1 (syntax and spelling in original). Winslowet-Alps also
included a letter of complaint against state judge who, "on Jan.

26, 2005 found for committal and invol meds against [the petitioner]."

## DISCUSSION

Under Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court is required to examine a petition, and if it "plainly appears from the face of the motion ... that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b). Referring to Rule 4(b), the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).

Here, Winslowet-Alps's petition is "legally insufficient on its face" because Winslowet-Alps has not articulated a basis on which the Court could grant habeas relief. Although the Court construes pro se pleadings liberally, the disconnected and confusing nature of Winslowet-Alps's petition makes it impossible for the Court to discern the ground on which he challenges his current confinement.

Further, the federal habeas statute permitting a challenge to "custody pursuant to the judgment of a State court," 28 U.S.C. § 2254, explicitly states that petitioners must exhaust available state court remedies before bringing in the federal court a petition challenging a state court judgment, subject to some

2

exceptions that do not appear to apply in this case.  See 28
U.S.C. § 2254(b)(1)(A).[1]  Winslowet-Alps's statements that "there
may be another hearing" and that he has not "received
acknowledgement of appeal" indicates that Winslowet-Alps has not
exhausted his state remedies as required under 28 U.S.C. § 2254.

The Court therefore dismisses this action without prejudice.
The Court Court denies his application to proceed in forma
pauperis as moot.

CONCLUSION

Accordingly, for the reasons stated above, the Court orders
that Winslowet-Alps's petition for habeas relief be dismissed,
and that his application to proceed in forma pauperis be denied
as moot.

SO ORDERED.

8·8·05
DATE

UNITED STATES DISTRICT JUDGE

---

[1]The requirement that a § 2254 petitioner must exhaust his
or her state remedies does not apply where "(i) there is an
absence of available State corrective process; or (ii)
circumstances exist that render such process ineffective to
protect the rights of the applicant."  28 U.S.C. § 28(b)(1)(B).

3